IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        v.                                      22-CR-6132-EAW

MATHEW SCHULMAN,

        Defendant.

## STATEMENT OF THE GOVERNMENT WITH RESPECT TO SENTENCING FACTORS

**PLEASE TAKE NOTICE**, that the government hereby adopts all findings of the Presentence Investigation Report (PSR, Dckt. 24) with respect to sentencing factors in this action.

Should the defendant present any letters of support or sentencing statement to the Court, the United States will move to strike the items from the record if this office is not provided with copies at least three business days prior to sentencing.

The defendant is required by 18 U.S.C. § 3013 to pay the sum of $100 at the time of sentencing. Immediately after sentencing, the defendant must pay the amount due by personal check, cashier's check or certified funds to the United States District Court Clerk.

It is requested that the Court order that all financial obligations be due immediately. In the event the defendant lacks the ability to immediately pay the financial obligations in full, it is requested that the Court set a schedule for payment of the obligations.

In the event present counsel for the defendant will continue to represent the defendant after sentencing in regard to the collection of unpaid financial obligation(s), it is requested that a letter so advising be sent to:

        Asset Forfeiture/Financial Litigation Unit
        U.S. Attorney's Office--WDNY
        138 Delaware Avenue
        Buffalo, New York 14202

If a letter is not received within 10 days of sentencing, the defendant will be directly contacted regarding collection of the financial obligation(s).

Upon the ground that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, the government hereby moves the Court to apply the additional one (1) level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(b).

### Consideration of proposed guideline amendments

The plea agreement contemplated a total offense level of 37 and criminal history category of II, resulting in a guideline range of 235 to 240 months imprisonment. (PSR, ¶ 2). It is the understanding of the government that the United States Sentencing Commission has published a proposed amendment to Guidelines § 4A1.1 (adjusting the status points for offenders who commit the instant offense while on a criminal justice sentence). This would reduce the defendant's criminal history category to I, resulting in a guideline range of 210 to 240 months imprisonment. (PSR, ¶¶ 104-106). The government does not object to a downward variance in the defendant's criminal history category from II to I, based on the proposed amendment, and therefore does not object to the Court calculating the sentencing guideline range to be 210 to 240 months imprisonment.

### The 3553(a) factors support a guideline sentence of 210 to 240 months imprisonment

In reviewing the 18 U.S.C. § 3553(a) factors, the government respectfully requests the Court particularly consider the need for the sentence to reflect the nature and circumstances of the offense, the seriousness of the offense, the need for deterrence, and the need to protect the public from further crimes.  *See* 18 U.S.C. §§ 3553(a)(1) and (a)(2).

It is well settled that calculating the advisory sentencing guidelines is the first step in determining the defendant's ultimate sentence, after which the Court must consider the § 3553(a) factors. *United States v. Dorvee,* 616 F.3d 174, 180 (2010) quoting *United States v. Gall,* 552 U.S. 38, 49-50 (2007); *see also, United States v. Aumais,* 656 F.3d 147 (2d Cir. Sept. 8, 2011). In *Aumais,* the Second Circuit upheld the guidelines sentence imposed by the district court, noting that the sentence was based upon an "individualized assessment" of the §3553(a) factors. *Aumais,* at 157. In this case, an *"individualized assessment"* of this defendant supports a sentence of 210 to 240 months imprisonment followed by a protracted period of supervised release.

The defendant is a dangerous pedophile. While on probation for a state child pornography conviction, the defendant engaged in sexually explicit online communications with an undercover law enforcement officer, whom the defendant believed was an 11-year-old girl. During the conversations, the defendant distributed child pornography to the child, taught her to masturbate, and discussed meeting the child for sex. (PSR, ¶¶ 17-31).

The defendant was acutely aware of the illegality of his conduct, and required the child to send him specific images depicting the child's face, to prove that the child was not "undercover police." (PSR, ¶ 20(iv)). The defendant openly acknowledged his belief that he was engaged with a child, and despite being actively monitored via state probation, never hesitated to groom the child for sex and ask her to produce sexually explicit photographs. At one point the defendant engaged in a 24-minute recorded phone call, in which he explained that he could not have sex with the child right away, because his penis was a lot larger than the penises depicted in the child pornography that he sent the child, and it would hurt her until her vagina got a little bigger. (PSR, ¶ 23). During the same conversation, the defendant

3

told the child she could masturbate with a pen, and even discussed the child allowing her dog to lick her vagina, telling her that some girls like it a lot. (PSR, ¶ 24).

The recorded phone call will be submitted to the Court prior to sentencing. It is disturbing, but telling, in that it clearly demonstrates the defendant's intent in this case, which was to sexually abuse and exploit an 11-year-old girl.

The government respectfully requests that the Court administer a sentence of 210 to 240 months imprisonment, followed by a protracted period of supervised release. The defendant, a registered sex offender, and active probationer for a prior child pornography conviction, has demonstrated that he is sexually aroused by children, and that he will act on it.

A lengthy prison sentence is necessary to address the nature of the defendant's offenses, ensure that he cannot pose a further danger to children, and deter others from engaging in similar conduct.

DATED:   Rochester, New York, June 13, 2023

|  |  |
|---|---|
|  | TRINI E. ROSS<br>United States Attorney |
| BY: | s/KYLE P. ROSSI<br>Assistant United States Attorney<br>United States Attorney's Office<br>Western District of New York<br>100 State Street, Suite 500<br>Rochester, New York 14614<br>585/263-6760<br>Kyle.Rossi@usdoj.gov |

TO:   Wedade Abdallah, Esq.
      Natalie Harrington, U.S. Probation